ARTURO RAMOS JANEIRO, Appellant, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 895.    Submitted November 6, 1933.—Decided November 29, 1933.

*C. Domínguez Rubio* for appellant.    The registrar appeared by brief.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

A registrar of property recorded a deed of conveyance but refused to record a mortgage to secure the payment of a part of the purchase price. The theory of this refusal was that, while the parties had intended and attempted to create

a mortgage, they had not in express terms accomplished that result.

According to the terms of the first clause in the deed of conveyance the vendor left in the hands of the purchaser the unpaid balance of the purchase price as a mortgage loan to be constituted later in the same instrument. The instrument itself is entitled a deed of conveyance and mortgage. The pertinent portion of the second clause and the third clause read as follows:

"The purchasers, that is, the spouses Francisco Porrata Doria and Josefina Sabater y Rivera, hereby constitute a MORTGAGE LOAN in favor of Arturo Ramos Janeiro, in accordance with the following stipulations: FIRST.—Francisco Porrata Doria and his wife Josefina Sabater y Rivera hereby declare that they owe to Arturo Ramos Janeiro the sum of SEVEN HUNDRED AND SEVENTY-FIVE DOLLARS, in current American money, which they bind themselves to pay back within a year from the date of the present deed and which therefore will be due on November 25, 1932, with interest at twelve per cent (12%) annually. The mortgagors bind themselves to pay the said interest monthly. Consequently, the urban property in question becomes subject to such mortgage.

"THIRD.—The mortgagors may cancel the said mortgage by partial payments within the life of the contract and totally at any time, and they engage themselves to pay for all the expenses incurred in making the present deed, a copy thereof, Internal Revenue stamps, and its record in the Registry of Property, as well as the costs, expenses, disbursements and attorney's fees in case of judicial proceedings, there being set apart for such expenses the sum of ONE HUNDRED AND FIFTY DOLLARS in case of going to court.

"The parties expressly renounce the right of homestead in case of any claim arising by reason of the sale and mortgage aforementioned, and they assess the value of the aforesaid urban property for the purpose of the mortgage loan at ONE THOUSAND AND SEVENTY-FIVE DOLLARS which was the purchase price.

"The parties accept and ratify the present deed in all its particulars, as the same has been drawn up in accordance with their instructions."

The foregoing extract leaves no room for doubt that the parties not only intended to constitute a mortgage but under-

819

stood that they had constituted a mortgage. Effect should be given to that unmistakable intention and mutual understanding.

A mortgage loan as defined by the *Enciclopedia Jurídica Española*, vol. 25, p. 552, is "every delivery of money whose return is secured by a mortgage on real property or rights." A loan without a mortgage to secure the payment thereof is not a mortgage loan. When the parties, who had expressly agreed to constitute a mortgage loan, proceeded "to establish a mortgage loan . . . in accordance with the following clauses," and then stated in the clause immediately following, after an acknowledgment of indebtedness and a promise to pay, that the property was therefore subject to the said mortgage, they succeeded, we think, in their attempt to constitute a mortgage as well as a loan.

The ruling appealed from must be reversed and the case will be remanded with instructions to record the mortgage.